**PUNEFUOLEMOTU M. TUAOLO, Claimant**

**v.**

**SAELUA FA`ATE`A, MANUTAFEA E. MEREDITH, and
MANAIA E.T. VAIVAO FRUEAN, Counterclaimants**

**In the Matter of the Matai Title "TUAOLO"**

High Court of American Samoa
Land and Titles Division

MT No. 3-94

June 30, 1995

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate
Judge, AFUOLA, Associate Judge, LOGOAI, Associate Judge, and
ATIULAGI, Associate Judge.

Counsel:    For Claimant Punefuolemotu M. Tuaolo, Lutu T.S.
Fuimaono and Tautai A.F. Fa`alevao
For Counterclaimant Saelua Fa`ate`a, Romero
Solomona Toailoa and Albert Mailo
For Counterclaimant Manaia E.T. Vaivao Fruean, Afoa
L. Su`esu`e Lutu

*Order Denying Motions for Reconsideration or New Trial and for Stay
Pending Appeal:*

The motions by claimant Punefuolemotu M. Tuaolo ("Punefu") and
counterclaimant Saelua Fa`ate`a ("Tutuvanu") for reconsideration or new
trial of the court's decision entered on January 30, 1995, came regularly
for hearing on March 16, 1995. All parties were represented by counsel.

Punefu and Tutuvanu presented several issues by their written motions and
oral arguments. Counterclaimant Manaia E.T. Vaivao Fruean ("Vaivao")
responded to those issues in writing and by oral argument. The issues
raised by Punefu and Tutuvanu are succinctly identified by the titles of the
subparts in the discussion below.

## DISCUSSION

### I. *Tribunal Lacked Impartiality*

Punefu and Tutuvanu allege impropriety in trial of this matter based on the
fact that Vaivao is an Associate Judge and colleague to the panel of judges
deciding the case, and that one of Punefu's counsel overheard an Associate
Judge, who was on the panel trying this case, make a statement at a local
restaurant, on January 3, 1995, two days before the trial started, to the
effect that the party who moves "to disqualify the Associate Judges from
the case will be the first one shot down." Punefu did not cite to the court
the Associate Judge's alleged statement at any time before his present
motion was filed.

On December 12, 1994, in a chambers conference, unreported with
counsel's concurrence, after the court discussed the proposed continuance
of the trial with counsel, Tutuvanu orally moved to recuse the Associate
Judges based on the appearances of partiality and unfairness based on
Vaivao's relationship with them. The court instructed Tutuvanu's counsel
to submit the motion in writing and serve it on the other counsel to provide
adequate opportunity for the court and counsel to consider and act on the
motion. Then, in open court, the court continued the trial to January 5,

138

1995, and Tutuvanu's oral recusal motion and court's instructions regarding it were put on the record. No written motion on this issue was filed before the present motions.

On January 5, 1995, in a chambers conference before the trial began, also unreported with counsel's concurrence, the court inquired about Tutuvanu's intentions regarding the recusal motion. Punefu was prepared to join in this motion, but when Tutuvanu indicated that he would not pursue the motion, Punefu withdrew as well. Then, when the trial started, the court stated on the record that the recusal motion would not be pursued.

■ We note the well settled principle that arguments that could have been made at trial may not be made for the first time either on a motion for new trial or on appeal. In *Manuma v. Bartley*, 3 A.S.R.2d 21, 22 (Land & Titles Div. 1986), this court held:

> Counsel raises an interesting and possibly important argument in his motion . . . . The Court has, however, carefully scrutinized the transcript of counsel's argument at trial and can find no trace of this argument . . . . Since counsel had every opportunity at trial to argue that the land was communal land and failed to do so, the argument must be regarded as waived and cannot be raised at any future stage of the litigation.

In keeping with the foregoing principle, we hold that Punefu's and Tutuvanu's failure to pursue the recusal issue on the record before or during the trial, and Punefu's failure to appraise the court in any way whatsoever of the Associate Judge's alleged statement before the trial and, in fact, known to Punefu's counsel, results in a waiver of those arguments at future stages, including the present motions for reconsideration or new trial, of this proceeding.

## II. The Court Failed To Follow A.S.C.A. § 3.0241(b) Procedures

Punefu claims that the court failed to follow the procedures required under A.S.C.A. § 3.0241(b). Since he did not specify any reasons for this claim, we could disregard it. However, we will affirmatively state that we fully complied with the procedures set forth in this statute. The statute reads:

> (b) In cases or controversies relating to matai titles in the land and titles division of the High Court, if there remains, after

conference, any difference of opinion among the judges, the justice shall abstain and the opinion of the majority of the 4 associate judges shall prevail and shall be recorded by the clerk as the opinion and decision of the court. In the event of a tie vote among the 4 associate judges, the justice shall cast the deciding vote.

Implicitly at least, if no difference remains among the associate judges after conference, the presiding justice still abstains, and the four make the decision unanimously.

■ This procedure was followed precisely. After the associate judges considered the evidence, the majority of three of the four judges made the decision and signed the court's opinion and order to reflect their decision. The justice did not participate in the four associate judges' deliberations. He only presided at the trial and prepared and signed the opinion and order. The court has sanctioned this manner of the justice's participation in matai title proceedings. *In re Matai Title "La`apui"*, 4 A.S.R.2d 7, 9 (App. Div. 1987). The clerk then recorded the associate judges' majority decision and the single judge's dissent.

The court followed the same procedure in deciding on the rulings in this order on the present motions.

### III. Vaivao's Genealogy Was Incorrect

Punefu and Tutuvanu dispute the genealogy presented by Vaivao to establish his blood relationship to the Tuaolo title. This is an issue of particular importance to these two candidates. First, if Vaivao is not blood-related to the Tuaolo title, he simply cannot qualify to hold the title. Second, Vaivao's genealogy identifies an earlier, original titleholder, whose children created clans of the Tuaolo title, which impacts the findings on clan support.

This is also an issue of fact that must be proven by a preponderance of the evidence, that is, evidence having more convincing force than that opposed to it. The court was and is persuaded that the genealogy introduced by Vaivao is correct by a preponderance of the evidence. Further, the court found and still finds, by a preponderance of the evidence, that despite Punefu's and Tutuvanu's contrary claims, Vaivao's genealogy is consistent with the complex blood and title interrelationships in the Tuaolo, Leaoa and Lago families, as recited during the trial of this proceeding and in prior proceedings before this court.

140

## IV. *Tutuvanu Is the Only True Tuaolo Heir*

■ Tutuvanu correctly points out that the court applied the traditional rule, which he asserts is fictitious, to determine the candidate with the best hereditary right. We would add that the later rule of measuring the best hereditary right from the original titleholder or a common ancestor cannot be applied in this case. The three candidates simply do not agree on the identity of the original titleholder or any common ancestor. Punefu necessarily disagrees, since he is a descendent of a non-blood related titleholder.

Tutuvanu would disqualify Vaivao as having no blood connection to the Tuaolo title, rather than, as the court found, a seventh generation or 1/128th blood relationship to a previous titleholder. He would disqualify Punefu as also having no true blood relationship, despite the court's finding that Punefu had one-half Tuaolo blood through his father Tuaolo Maliuga II, because his ancestor who first held the Tuaolo title was from the non-blood related Fano family of Faga`alu and became the titleholder only by invitation when his predecessor fell ill.

The court found and still finds, by a preponderance of the evidence, that Vaivao's genealogy is correct and that the Fealofani clan has long-recognized acceptance as a Tuaolo clan.

## V. *Recognized Clans Are Only Now Emerging*

Punefu and Tutuvanu also take exception to the court's findings recognizing two of the Tuaolo clans, based on the two children of the original titleholder identified in Vaivao's genealogy. They profess lack of knowledge of the existence of these two clans in the Tuaolo family's history. Their unawareness, however, does not equate with non-existence of these clans. The last five Tuaolo titleholders came from the Fealofani clan. This list includes Tuaolo Fealofani's successor, Tuaolo Maliuga I, who on October 30, 1906, some 80 years ago, became the first Tuaolo of record in the Territorial Registrar's files.

In any event, after resolving the supporting evidence in favor of Vaivao's genealogy, the court correctly applied the long and well established rule for the determination of clans and found, by a preponderance of the evidence, the consensus support of two of the three Tuaolo clans for Vaivao.

## VI.  *Faulty Emphasis Was Placed on Personal Traits*

The criterion of the candidates' forcefulness, character and personality, and knowledge of Samoan customs is again a fact issue, which the court resolved, and still resolves, by the preponderance of the evidence in Vaivao's favor.  We would comment further only on several argued aspects about the evidence submitted on this criterion.

Punefu discredits Vaivao's character because he gambles.  He also argues, incidentally, that this is a weakness of character effectively destroying Vaivao's potential value as the titleholder.  Gambling may detract from a person's character and is illegal for private gain in American Samoa.  The evidence does not, however, show that Vaivao gambles habitually or in any other way so as to seriously diminish his character or leadership qualities.

Tutuvanu faults the court's findings as overly stressing physical prowess. In fact, the court introduced this discussion by explicitly recognizing that this criterion accounts for all human attributes, mental and emotional, as well as physical.  The court's references to Vaivao's prime, vigor and forcefulness, and to Tutuvanu's declining vitality were intended to, and in fact do, describe mental and emotional qualities far more than physical strength.

Tutuvanu also erroneously equates age with wisdom, *ipso facto* assuring his superior knowledge of Samoan customs vis-a-vis Vaivao. Age is a factor, but no guarantee of supremacy.  Vaivao is at least as equally qualified as Tutuvanu in matters of Samoan customs.

On his third point, we concurred, in general, with Tutuvanu's observations about Punefu's strengths and weaknesses, based on his youth and inexperience.

## VII.     *Higher Titleholder Value Cannot Prevail over Best Hereditary Right*

The criterion of the candidates' prospective value as the titleholder is also a fact issue.  The court decided and still decides, by a preponderance of the evidence, that Vaivao is the candidate with the strongest potential value as the titleholder.

Tutuvanu proffered a rather novel argument concerning this criterion. He seems to say that in light of this criterion's least importance in the

statutory scheme of priorities, the winner in this category can never prevail over the candidate with the best hereditary right to the title. He suggested that this criterion of first and highest priority ought to be weighted in the neighborhood of 70% in the final evaluation. As this court has previously observed, the comparative evaluation of the four statutory criteria is not, and cannot be, measured by mathematical exactness. *In re Matai Title "Tauala"*, 15 A.S.R. 2d 65, 69 (Land & Titles Div. 1990). Furthermore, under Tutuvanu's suggested 70% rule, it would be impossible for a candidate to be awarded a title unless he prevailed on the claim of best hereditary right. By precedent, a candidate can be awarded a title when he prevails only on the least important factors instead of the claim for best hereditary right. *In re Matai Title "Iuli"*, 14 A.S.R. 116 (Land & Titles Div. 1990). Moreover, based on the court's supported finding that Punefu has one-half Tuaolo blood compared, under the evidence, to Tutuvanu's 1/16th blood relationship, presumably, under this approach, we must award the title to Punefu, regardless of any of the other three considerations.

## SUMMARY

Vaivao is best qualified among the three candidates before the court. In our evaluation, his superiority in the second, third and fourth criteria outweighs Punefu's and Tutuvanu's better hereditary rights to the Tuaolo title.

## ORDER

For the reasons set forth above, both motions for reconsideration or new trial are denied.

■ Punefu's motion for a stay pending appeal is, under T.C.R.C.P. 62(b), premature in the absence of an appeal. For this reason, this motion is also denied. It may be renewed, in the first instance, before the Lands and Titles Division as A.C.R. 18 contemplates, only in the event of an appeal.

It is so ordered.

ATIULAGI, J., dissenting:

I would grant the motions for reconsideration or new trial for the reasons stated in my dissent to the court's opinion and order entered on January 30, 1995.